FILED by EG D.C.
ELECTRONIC
Mar 16 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 03-10077-CIV-HIGHSMITH

LLOYD CHASE ALLEN,

        Petitioner,

v.

JAMES V. CROSBY,
Secretary, Florida Department
Of Corrections,

        Respondent.
_____/

### MOTION TO HOLD FEDERAL PROCEEDINGS IN ABEYANCE

COMES NOW, the Petitioner, LLOYD CHASE ALLEN, by and through the undersigned counsel, and respectfully moves this Court To Hold Federal Proceedings In Abeyance. In support thereof Petitioner submits:

1. Mr. Allen was convicted of first-degree murder, grand theft of an automobile and was sentenced to death. *Allen v. State*, 662 So. 2d 323 (Fla. 1995). The Florida Supreme Court affirmed Mr. Allen's conviction and sentence. *Allen v. State*, 662 So. 2d 323 (Fla. 1995). The United States Supreme Court denied Mr. Allen's Petition for Writ of Certiorari in *Allen v. Florida*, cert. denied, 517 U.S. 1107 (1996).

2. Mr. Allen's state court motion for post-conviction relief was filed on March 16, 2001. The state circuit court issued a written summary denial on December 17, 2001.

3.  The summary denial was affirmed by the Florida Supreme Court on July 10, 2003. A Motion for Rehearing was filed on July 25, 2003, and that motion was denied on September 8, 2003.

4.  On September 30, 2003, Mr. Allen filed a *Motion To Order DNA Testing* pursuant to Florida Rules of Criminal Procedure 3.853 in state circuit court. The court denied the *Motion To Order DNA Testing* without prejudice to re-file because it was improperly notarized.

5. On October 14, 2003, Mr. Allen filed with this Court, his *Petition for Writ of Habeas Corpus* pursuant to 28 U.S.C. §2254.

6.  On today's date, Mr. Allen has re-filed in state circuit court, a new *Motion for Post-Conviction DNA Testing* pursuant to Florida Rules of Criminal Procedure 3.853.  In his DNA motion, Mr. Allen asserts his factual innocence of the murder for which he was convicted and sentenced to death.  If the state court allows DNA testing, Mr. Allen is confident he could use this scientific evidence to demonstrate his innocence.

7. The crux of the issue requiring DNA testing was addressed in Claim I of Mr. Allen's Federal Habeas Corpus Petition. This claim addresses how Mr. Allen's due process rights were violated, under *Brady v. Maryland*, 373 U.S. 83 (1963).  In Mr. Allen's state post-conviction appeal, *Allen v. State*, 854 So.2d 1255 (Fla. 2003), a critical issue was whether a withheld FDLE report concerning hairs found in the victim's hand constituted a *Brady* violation. The Florida Supreme Court ultimately held:

> Here the result of the hair analysis could not reasonably place this case in such a different light as to undermine confidence in the verdict. Although the hair analysis excluded Allen as the source, it did not exclude the victim; and due to contamination, the two hairs cannot be examined further.
> ............
>  This case is distinguishable from Hoffman, 800 So. 2d at 179, in which we ordered a new trial after determining that the evidence that the State withheld placed the case in a different light as to undermine the confidence in the verdict.

2

> In *Hoffman*, the State also failed to disclose the result of the analysis of hairs found clutched in the victim's hand. Unlike the case here, however, in *Hoffman* the analysis not only excluded the defendant as the source of the hair, but also excluded the victim and the co-defendant. *Allen v. State*, 854 So.2d 1255 (Fla. 2003).

8. Petitioner Allen now returns to state court, pursuant to Florida Rules of Criminal Procedure 3.853, requesting DNA testing which would demonstrate whether the suppressed evidence of the hairs found in the victim's hand were the victim's own hair or a third person. If the DNA testing requested confirms that the hair found in the victim's hand does not belong to the victim, it would clearly indicate that the last person the victim touched, or defensively grabbed or struggled with, was the actual killer. Because the State's theory has always been that Mr. Allen and only Mr. Allen killed the victim, evidence confirming that a third person's hair was the last thing the victim touched would shatter the State's claim that it could only have been Mr. Allen who committed the homicide. Likewise, evidence confirming that a third person's hair was the last thing the victim touched would clearly support Mr. Allen's theory of defense and would have led to an acquittal at trial.

9. The outcome of litigation over Mr. Allen's request for DNA testing, as well as the outcome of the actual scientific testing of the DNA material would greatly impact Mr. Allen's claims included in his petition before this Court. Regardless of the decision of the state circuit court, it is likely that an appeal will be taken by either side to the Florida Supreme Court. Because resolution of these issues in state court may greatly impact claims made in Petitioner's habeas petition, judicial economy would dictate that Petitioner's case should held in abeyance pending full resolution of Petitioner's DNA motion in state court.

10. If this Court were to grant Petitioner's motion, Petitioner has no objection to filing regular status reports with the Court as to the status of the state court proceedings

WHEREFORE Petitioner Lloyd Chase Allen respectfully requests that his federal proceedings be held in abeyance until the issue of DNA testing has been exhausted through the state court proceedings.

Respectfully Submitted,

"S/"_____
LEOR VELEANU
Florida Bar No. 0139191
Assistant CCRC
Capital Collateral Regional Counsel-South
101 N.E. 3rd Avenue, Suite 400
Fort Lauderdale, FL  33301
(954) 713-1284
(954) 713-1299 Fax
veleanul@ccsr.state.fl.us

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Response to Order to Show Cause has been sent via United States Mail to Sandra Jaggard, Assistant Attorney General, Department of Legal Affairs, Rivergate Plaza, Suite 950, 444 Brickell Avenue, Miami, Florida 33131, this 16th day of March, 2005.

Respectfully Submitted,

"S/"_____
LEOR VELEANU
Florida Bar No. 0139191

4