**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION**

**LLOYD CHASE ALLEN,**

     **Petitioner,**

**vs.**                     **CASE NO. 03-10077-CIV-HIGHSMITH**

**JAMES MCDONOUGH,[1]**

     **Respondent.**

_____/

**<u>MOTION TO LIFT STAY</u>**

Respondent, James McDonough ("State"), respectfully moves this Court to lift the stay of proceedings entered by this Court on April 5, 2005. As grounds, therefore, the State states:

1. On October 14, 2003, Petitioner filed the instant petition for writ of habeas corpus.

2. On March 7, 2005, this Court entered a *sua sponte* order to show cause, direction Petitioner to show cause why his petition should not be dismissed for failure to effect serve in accordance with Fed. R. Civ. P. 4(m).

3. On March 16, 2005, Petitioner responded to this order, asserting that this matter is not governed by Fed. R. Civ. P. 4(m). Instead, this matter is governed by Rule 4 of the Rules Governing

_____

[1]At the present time, James V. Crosby, Jr. has resigned as Secretary for the Department of Corrections. James McDonough has been appointed acting secretary. Respondent respectfully requests that the style of the case be changed.

28 U.S.C. §2254 Cases.

4.    That same day, Petitioner moved this Court to hold this matter in abeyance while he returned to State Court to pursue a motion for DNA testing.

5.    On April 5, 2005, this Court granted Petitioner's motion for stay.

6.    On January 5, 2006, the State trial court denied Petitioner's motion for DNA testing.

7.    On February 15, 2007, the Florida Supreme Court affirmed the denial of the motion for DNA testing.  It denied rehearing on April 25, 2007.

8.    As the pendency of the state court DNA litigation that was the basis for the stay has concluded, the stay should be lifted.

9.    Moreover, Petitioner is correct that this matter is governed by Rule 4 of the Rules Governing 28 U.S.C. §2254 Cases. Rule 1 of the Rules Governing 28 U.S.C. §2254 Cases provides:

> These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 by:
>    (1) a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States.

Under Rule 11 of the Rules Governing 28 U.S.C. §2254, the Federal Rules of Civil Procedure only apply to this proceeding  "to the extent that they are not inconsistent with any statutory provisions or these rules."  As such, the Rules Governing 28 U.S.C. §2254

2

Cases apply to this matter.

10.  The Rules Governing 28 U.S.C. §2254 Cases have specific provisions governing service of the petition and the procedure for obtaining a response from the State.  Rule 4 of the Rules Governing 28 U.S.C. §2254 Cases provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

Rule 5(a) of the Rules Governing 28 U.S.C. §2254 Cases provides, "[t]he respondent is not required to answer the petition unless a judge so orders."

11.  As these are the rules applicable to this matter, this Court should proceed in accordance with them once the stay is lift. If this Court determines that an order to show cause why relief should not be granted should issue, the State will happily respond.[2]

---

[2]Service of a copy of the petition is unnecessary, as the State has a copy of the petition.

3

WHEREFORE, the State respectfully requests that the stay of proceeding be lifted.

Respectfully submitted,

BILL MCCOLLUM
Attorney General
Tallahassee, Florida

/s/Sandra S. Jaggard
SANDRA S. JAGGARD
Assistant Attorney General
Florida Bar No. 0012068
Office of the Attorney General
Department of Legal Affairs
444 Brickell Avenue, Suite 650
Miami, Florida  33131
(305) 377-5441
Fax (305)377-5655

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2st day of May 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Leor Veleanu, Assistant CCRC-South, 101 N.E. 3rd Avenue, Suite 400, Ft. Lauderdale, Florida 33301.

/s/Sandra S. Jaggard
SANDRA JAGGARD
Assistant Attorney General

4