IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 03-10077-CIV-HIGHSMITH

| | |
|---|---|
| **LLOYD CHASE ALLEN,** | ) |
| | ) |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| **JAMES MCDONOUGH,** | ) |
| Secretary, Florida Department | ) |
| of Corrections, | ) |
| | ) |
| Respondent. | ) |
| | / |

**PETITIONER'S MOTION FOR LEAVE TO FILE A TRAVERSE**

**COMES NOW,** Petitioner**,** LLOYD CHASE ALLEN**,** by and through undersigned

counsel, and hereby files the following Motion for Leave to File a Traverse.   Mr. Allen submits

the following:

On August 7, 2007, Respondent served on undersigned counsel its Response of James

McDonough to Order to Show Cause Why Petition for Writ of Habeas Corpus Should Not be

Granted.  The Response filed by Respondent raises factual assertions and procedural defenses

which warrant a traverse.  See 28 U.S.C. §2248.  "The allegations of a return to the writ of

habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not

traversed, shall be accepted as true except to the extent that the judge finds from the evidence

that they are not true." McBride v. Sharp, 25 F. 3d 962, 970 n.9 (11th Circ. 1994).  In Hardiman

v. Reynolds, 971 F. 2d 500 (10th Circ. 1992), the Tenth Circuit acknowledged that a habeas

petitioner must be afforded the opportunity to respond to procedural bar/default arguments raised

by the Respondent:

> The district court dismissed Hardiman's petition upon adoption of the
> magistrate's conclusion that Hardiman did not show cause for his state
> procedural default as required by Coleman v. Thompson, 111 S.Ct. 2546 (1991).
> Prior to dismissing an action sua sponte, a court must give the complainant an
> opportunity to respond to the argument for dismissal. Wilson v. United States,
> 433 F. 2d 597, 598 (10th Cir. 1970) (per curiam), (citing Cooper v. United States,
> 433 F.2d 596 (10th Circ. 1970) (per curiam)). Nothing in this record suggests that
> Hardiman was given an adequate opportunity to respond to the state procedural
> bar issue after it was raised sua sponte.

Hardiman, 971 F. 2d at 505.

Federal district courts in this district have recognized the propriety of a traverse in the

capital habeas context, and have routinely granted leave to file traverses.

In light of the foregoing, as well as the fact that "[f]ederal habeas corpus has a particularly

important role to play in promoting fundamental fairness in the imposition of the death penalty,"

McFarland v. Scott, 114 S.Ct. 2568, 2574 (1994), Mr. Allen requests leave to file a traverse.

**WHEREFORE**,  for the foregoing reasons, Mr. Allen respectfully requests that the Court

grant him sixty (60) days from the date of this motion to file a traverse.

Respectfully Submitted,

"S/"_Leor Veleanu__
LEOR VELEANU
Florida Bar No. 0139191
Assistant CCRC
Capital Collateral Regional Counsel-South
101 N.E. 3rd Avenue, Suite 400
Fort Lauderdale, FL  33301
(954) 713-1284
(954) 713-1299 Fax
veleanul@ccsr.state.fl.us

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 4, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing  to Sandra Jaggard, Assistant Attorney General, Department of Legal Affairs, Rivergate Plaza, Suite 950, 444 Brickell Avenue, Miami, Florida 33131.

Respectfully Submitted,

/S/Leor Veleanu_____
LEOR VELEANU
Florida Bar No. 0139191