UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-10077-CIV-COHN

**LLOYD CHASE ALLEN**,

                Petitioner,

v.

**WALTER A. MCNEIL**, Secretary,
Florida Department of Corrections,

                Respondent.
_____/

## MOTION TO ALTER OR AMEND JUDGMENT

**COMES NOW,** Petitioner, **LLOYD CHASE ALLEN**, by and through undersigned counsel, and moves to alter or amend the judgment in the above-captioned case pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e).

On March 31, 2009, the Court entered its Order denying petition for a writ of habeas corpus (Doc. 21), and on April 1, 2009, the clerk entered judgment in Respondent's favor (Doc. 22). Pursuant to Rule 59(e), a motion to alter or amend must be filed within ten days of the entry of judgment. For

computation of time purposes, weekends and holidays are not counted.  See FED. R. CIV. P. 6(a).  Hence, this motion is timely filed.

Mr. Allen submits that, in denying his petition for a writ of habeas corpus, the Court erred as a matter of fact and law in assessing the constitutional issues presented.  Due to the shortness of time in which a Rule 59(e) motion must be filed, this motion does not and cannot raise all arguments that Mr. Allen has with respect to the Court's denial of relief.  Mr. Allen will only address some of the more salient arguments and the errors which he believes inhere in the Court's decision to deny his Petition for Writ of Habeas Corpus.  Mr. Allen in no way abandons and/or waives any arguments as to the matters contained in his habeas petition and his reply to the State's response which are not expressly addressed in his motion to alter or amend judgment.

1. State's Withholding of Material Exculpatory Evidence

This Court's denial of Mr. Allen's claims that the State violated Brady v. Maryland, 373 U.S. 83 (1963) when it withheld material exculpatory exonerating evidence of innocence misconstrues the law.  The Fifth and Fourteenth Amendments require the government to disclose exculpatory or impeaching evidence to defendants.  In Brady v. Maryland, the Supreme

Court held that due process requires the prosecution to disclose evidence favorable to an accused when such evidence is material to guilt or punishment.  Evidence is material under Brady if there is a reasonable probability that disclosure of the evidence would have changed the outcome of the proceeding.  U.S. v. Bagley, 473 U.S. 667, 682 (1985) (plurality opinion) (Blackmun, J.).  A "reasonable probability" under Bagley is "a probability sufficient to undermine confidence in the outcome."  Id.; see also Kyles v. Whitley, 514 U.S. 419, 434-35 (1995) ("The question is not whether the defendant would more likely than not have received a different verdict with the [undisclosed] evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence . . .")

    In the case at bar, the State withheld: (1) a laboratory report from the Florida Department of Law Enforcement ("FDLE") establishing that two hairs found on or in the victim's hand were not Mr. Allen's hair and also indicating that FDLE could not determine whether the victim was the source of the hairs because police contaminated the victim's standard hair samples; (2) notations contained in the FDLE hair sample report indicating that FDLE personnel informed Assistant State Attorney McLaughlin and Serologist for

the Monroe County Sherriff's Office, Dr. Pope, that the victim's hair samples were contaminated and could not be tested; and (3) an FDLE report indicating that <u>no</u> latent prints found in the victim's car matched Mr. Allen's fingerprints. In holding that State's suppression of the above evidence did not "undermine confidence in the outcome," <u>id.</u>, of the trial, the State court decisions were "contrary to clearly established Federal law," and this Court's decision misunderstands that this evidence was exculpatory and exonerating and, at the very least, impeaching. 28 U.S.C. § 2254. This Court fails to recognize that evidence that the hair found on or in the victim's hand did <u>not</u> belong to either Mr. Allen or the victim, gives rise to the reasonable inference that a third party was present and killed the victim. This would have affected the jury's view of Mr. Allen's culpability.

Similarly, the State's witnesses at trial testified that Mr. Allen's fingerprint was lifted from the victim's car. This was false. The report showing that Mr. Allen's fingerprint was not present undermines the jury's decision, because they relied on inaccurate evidence falsely presented by the State. This Court's holding that such evidence is insufficient to undermine the jury's verdict against Mr. Allen directly conflicts with <u>Kyles v. Whitley</u>, 514 U.S. 419. <u>Kyles</u> instructs that material evidence is deemed to be in the

possession of the State, regardless of whether the prosecution knew of its existence in the police files; the State is still responsible for disclosing this information.  The test, that the Court does not consider, is to inquire what a good defense attorney could have done with the information.  A competent reasonable defense attorney would have shown the jury that potentially exonerating forensic evidence existed that showed Mr. Allen was not the killer.  No fingerprints were present in the victim's car.  The hair clutched in the victim's hand did not belong to Mr. Allen or the victim.  This powerful evidence of innocence was not presented to the jury because the State violated <u>Brady</u>.  Accordingly, the Court should alter or amend its judgment and grant Mr. Allen an evidentiary hearing or habeas relief on his <u>Brady</u> claim.

## 2. Ineffective Assistance of Counsel

This Court held that Mr. Allen's trial counsel provided the effective assistance of counsel.  Mr. Allen respectfully submits that, contrary to this Court's holding, he was denied his Sixth Amendment right to the effective assistance of counsel.  U.S. CONST. AMEND. VI; <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970).  To obtain relief on this claim, Mr. Allen must prove that counsel's performance fell below an objective standard of

reasonableness and that counsel's deficient performance prejudiced Mr. Allen, resulting in an unreliable or fundamentally unfair outcome in the proceeding. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Mr. Allen's trial counsel performed little or no independent pre-trial investigation. Had he done so, the investigation would have revealed several pieces of evidence that would have enabled Mr. Allen to demonstrate that a third party, not Mr. Allen, killed the victim. Investigation by competent counsel would have revealed: (1) that Mr. Allen was registered as a guest at the Bucaneer Lodge with another adult male on the day the victim's body was discovered; (2) that Larry Woods' eyewitness identification of Mr. Allen was inherently unreliable; (3) that a witness saw two cars parked at the victim's house the night before the murder; and (4) that a witness saw the victim with a man that did not fit Mr. Allen's description.

It was objectively unreasonable for counsel to fail to perform independent witness interviews before trial. Ramonez v. Berghuis, 490 F.3d 482 (6th Cir. 2007) (counsel ineffective where counsel failed to interview three witnesses prior to trial); Raygoza v. Hulick, 474 F.3d 958 (7th Cir. 2007) (counsel's conduct deficient for failing to prepare and present alibi evidence); Rolan v. Vaughn, 445 F.3d 671 (3rd Cir. 2006) (counsel

ineffective for failing to adequately investigate and present two witnesses who would have supported claim of self-defense; "failure to conduct any pretrial investigation is objectively unreasonable"); Stanley v. Bartley, 465 F.3d 810 (7th Cir. 2006) (counsel ineffective in murder case for failing to interview any witnesses or prospective witnesses); White v. Roper, 416 F.3d 728 (8th Cir. 2005) (counsel ineffective in failing to investigate and present exculpatory testimony of two witnesses in the guilt phase of trial; "counsel's investigation was too superficial;" "[t]he presumption of sound trial strategy founders in this case on the rocks of ignorance, as in Wiggins.").

Where, as here, the State's evidence against Mr. Allen was entirely circumstantial, this evidence, which supports Mr. Allen's theory that a third party killed the victim, is sufficient to undermine confidence in the outcome of the trial. Accordingly, the Court should alter or amend its judgment holding otherwise and grant an evidentiary hearing or habeas relief due to the deprivation of Mr. Allen's right to the effective assistance of counsel.

Conclusion

For the reasons discussed above, Mr. Allen was deprived a fair trial as required by Brady and Strickland. Accordingly, the Court should alter or

amend its judgment and grant Mr. Allen an evidentiary hearing or habeas relief.

> Respectfully Submitted,
>
> "s"/ Terri L. Backhus
> TERRI L. BACKHUS
> Florida Bar No. 0946427
> Assistant CCRC-South
> 101 N.E. 3rd Avenue, Suite 400
> Fort Lauderdale, FL 33301
> (813) 269-7604 Telephone
> (954) 713-1299 Fax
> rileybackhus@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Sandra Jaggard, Assistant Attorney General, Department of Legal Affairs, Rivergate Plaza, Suite 950, 444 Brickell Avenue, Miami, Florida 33131.

> "s"/Terri L. Backhus
>
> TERRI L. BACKUS
> Florida Bar No. 0946427