UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**LLOYD CHASE ALLEN**,

    Petitioner,

vs.                           CASE NO. 03-10077-CIV-COHN

**WALTER A. MCNEIL**,

    Respondent.
_____/

## RESPONSE TO APPLICATION FOR CERTIFICATE OF APPEALABILITY

Respondent, WALTER A. MCNEIL ("State"), hereby responds to Petitioner's Application for Certificate of Appealability (COA) and respectfully requests that the application be denied. As grounds, therefore, the State states:

1. For a COA to issue, a petitioner must make "a substantial showing of a denial of a constitutional right." 28 U.S.C. §2253(c)(2). This requires a demonstration that "jurists of reason could disagree with the district court's resolution of his constitutional claim or that jurists could conclude that issues presented are adequate to deserve encouragement to proceed further." *Miller-el v. Cockrell*, 537 U.S. 322, 326 (2003). When the claim has been resolved on procedural grounds, the required showing must include both the resolution of the procedural issue and the merits of the claim. *Slack v. McDaniel*, 529 U.S. 473, 484-

85 (2000).  The Court has made clear that issuance of "a COA must not be *pro forma* or a matter of course."  *Miller-El*, 537 U.S. at 337.  Thus, the Court has held that the petitioner must actually prove that he meets the above standard before a COA can issue.  *Id.* at 337-38.

2. Further, pursuant to 28 U.S.C. §2253(c)(3), a COA must specify the issues that actually meet this standard.  When a COA fails to do so, it is subject to remand to correct the error. *Peoples v. Haley*, 227 F.3d 1342, 1346-47 (11th Cir. 2000); *Hunter v. United States*, 101 F.3d 1565, 1575 (11th Cir. 1996).

3. Here, Petitioner asserts, in a conclusory fashion, that he is seeking COA on all the claims in his petition.  (Doc 28-3) However, he then present argument only with regard to the claims based on the alleged withholding of evidence and the alleged ineffective assistance of counsel at the guilt and penalty phases. (Doc 28-4-23)  As noted above, Petitioner bears the burden of showing that there is something debatable about the rejection of his claims to obtain a COA.  *Miller-El*, 537 U.S. at 337-38.  Since Petitioner has made no attempt to do so with regard to the other claims in the petition, the application should be denied with regard to these claims.

4. Even with regard to the claims about which he presents argument, Petitioner had not shown that the rejection of the claims is debatable.

5. At the beginning of his application, Petitioner acknowledges that his petition is governed by the AEDPA and that he needed to satisfy the AEDPA standard to obtain relief. However, in arguing that the rejection of his claims is debatable, Petitioner repeatedly does not address how this Court's determination that the state courts' rejection of the claims was not contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent is debatable. Instead, he continually asserts that the rejection of the underlying claims is debatable. (Doc 28-4, 6, 11, 12, 14, 18, 20, 22) As the United States Supreme Court has held, "the only question that matters under §2254(d)(1)" is whether the AEDPA standard is met. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Since Petitioner has not addressed this issue in his application, he has not carried his burden of showing that the rejection of the claims is debatable. *Miller-El*, 537 U.S. at 337-38; *see also Lamarca v. Sec'y, Dept. of Corrections*, 21 Fla. Law Weekly Fed. C1816 (11th Cir. May 19, 2009). The application should be denied.

6. Moreover, when Petitioner does come close to addressing the AEDPA standard, he does so in a nonsensical manner. For instance, Petitioner asserts in footnote 2 on page 9 of the application that the finding in the direct appeal opinion that his fingerprints were found in Ms. Cribbs' car is unreasonable in light of the record because he alleged that there was a report indicating

that the fingerprints in the car allegedly did not match his prints.  However, the finding in the direct appeal opinion was made based on the direct appeal record in 1995.  *Allen v. State*, 662 So. 2d 323 (Fla. 1995) ("*Allen I*").  The allegation was contained in the final amended post conviction motion that was not filed until 2001.  (Doc 16-App. R-Vol. 6 at 748-870)  Since the finding was made years before the allegation was ever made, the allegation does not show that the finding was unreasonable in light of the record. *See Holland v. Jackson*, 542 U.S. 649, 652 (2004)(reasonableness of state court's actions must be judge made on record before the state court at the time of the action).  The application should be denied.

      7.   In the paragraph that begins at the bottom of page 9, Petitioner suggests that the determination that some evidence he alleged was suppressed was not material "directly conflicts with Kyles v. Whitley, 514 U.S. at 419" "because Kyles instructs that material evidence is deemed to be in the possession of the State, regardless of whether the prosecutor knew of its existence in the police files; the State is still responsible for disclosing this information."  However, neither this Court nor the state courts determined that any evidence was not material because it was only in the constructive possession of the State.  (Doc 21-17-24)  In fact, the Florida Supreme Court directly stated that the State would be guilt of suppressing the evidence, even if it was only in

4

the possession of the police. *Allen v. State*, 854 So. 2d 1255, 1260 (Fla. 2003)("To comply with *Brady*, 'the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case,' *Kyles v. Whitley*, 514 U.S. 419, 437, 131 L. Ed. 2d 490, 115 S. Ct. 1555 (1995), and to disclose that evidence if it is material. *United States v. Agurs*, 427 U.S. 97, 111, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976).")("*Allen II*"). Moreover, no one has ever argued that the evidence was only in the possession of the police or that possession by the police would not be imputed to the State as a basis for rejecting the claim. Since the rejection of the claim has nothing to do with whether the evidence was only in the possession of the police, Petitioner's assertion of a "direct conflict" between the rejection of the claim and *Kyles* does not show that the rejection of the claim is debatable. *Miller-El*, 537 U.S. at 337-38. The application should be denied.

8. Moreover, there is nothing debatable about the rejection of this claim. Given the manner in which the hair was found, the inability to exclude even the victim as a source of the hair, the ample evidence already in Petitioner's possession, and presented at trial, to support his argument that the investigate was sloppy, Petitioner's failure to explain how showing that one fingerprint examiner allegedly did not identify his fingerprints in the car showed anything and the fact that Petitioner was admittedly both in

5

Ms. Cribbs' house and car, the state courts' determination that the claims regarding the alleged suppression of evidence were not material was not contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As such, the application should be denied.

9. In an attempt to show that the rejection of the portion of the claim about the hair analysis was material, Petitioner now asserts that he was prejudiced because he "was foreclosed from requesting tests by an independent laboratory" and that because he alleged the report was purposefully withheld, the claim was somehow transformed into a claim regarding the knowing presentation of false testimony.[1] (Doc 28-5) However, Petitioner did not raise these arguments in his petition, reply or motion to alter or amend. (Doc 1-14-23, 19-4-9, 24-2-5) Instead, they are appearing for the first time in his application. It is not proper to raise arguments for the first time in a COA application. *Bowlen v. Scafati*, 395 F.2d 692, 692-93 (1st Cir. 1968). The application should be denied.

---

[1] Moreover, Petitioner does not even allege that such testing would produce admissible evidence to support an theory of defense. Further, *Brady* applies to claims concerning the suppression of evidence regardless of the good or bad faith of a prosecutor, and *Giglio* requires that a defendant show that a prosecutor knowingly presented false testimony. *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Routly v. Singletary*, 33 F.3d 1279, 1286 (11th Cir. 1994). As such, these belated arguments do not show that the rejection of the claim was debatable.

10.  In a further attempt to show that the rejection of the claims is debatable, Petitioner insists that the state court did not accept his allegations as true.  However, the Florida Supreme Court's post conviction opinion directly shows the opposite is true.  The Florida Supreme Court directly and repeatedly stated that it was accepting Petitioner's allegations as true because no evidentiary hearing had been held.[2]  *Allen II*, 854 So. 2d at 1259.  Petitioner's mere insistence, contrary to the plain language of the opinion, does not change what happened.  *See Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).  The application should be denied.

11.  Petitioner next contends that this Court's determination that his claim of ineffective for failing to investigate and present "evidence of innocence" was unexhausted and barred is debatable.[3]  He avers that he raised "counsel's failure to investigate and prepare which necessarily included all the evidence including the evidence of innocence" and points to page 28 of his initial brief in the post conviction appeal as support for this assertion.  (Doc 28-13)  However, in his petition, Petitioner asserted that the claim was exhausted because it has been raised as "Claim 13," which was raised on pages 62 and 63 of the initial

---

[2] In fact, had there been an evidentiary hearing, Petitioner's allegations would have been subject to considerable dispute.

[3] Moreover, Petitioner presents no argument that the merits of the claim are debatable.  As such, he has not sufficiently established a basis for a COA on this claim.  *Slack*, 529 U.S. at 484-85.

brief.[4]  (Doc 1-25)  Moreover, Petitioner did not waiver from this assertion in his reply or his motion to alter or amend.  (Doc 19, 24)  Thus, once again, this assertion appears to be raising an issue for the first time in his application.  Once again, doing so is inappropriate.  *Bowlen*, 395 F.2d at 692-93.  The application should be denied.

12. Moreover, Petitioner's present argument regarding exhaustion does not show that there is anything debatable about this Court's holding.  The Eleventh Circuit has held that a defendant does not exhaust a claim of ineffective assistance of counsel by presenting a claim of ineffective assistance of counsel on a different factual or legal theory in state court.  *Kelley v. Sec'y for the Dept. of Corrections*, 377 F.3d 1317, 1344 (11th Cir. 2004).  Here, it appears that Petitioner is attempting to assert that references in his initial post conviction brief to trial counsel's alleged failure to investigate and prepare show that he raised an issue about counsel being ineffective for failing to present evidence concerning an alleged hotel registration.[5]

---

[4]The State would note that both the initial brief and the federal habeas petition were authored by the same attorney, and as such, he should have known where exactly he attempted to exhaust this issue.

[5]What exactly Petitioner is attempt to refer to is unclear.  He cites Page 28 of his initial brief in the post conviction appeal.  However, that page is part of his claim concerning his waiver of mitigation at the penalty phase and has nothing to do with investigating evidence regarding the guilt phase.  (Doc 16- App. G at 28)  Petitioner does use the words investigate and

However, those references appear as part of a claim that counsel was ineffective for presenting evidence that it was a possibility that Ms. Cribbs committed suicide.  (Doc 16-18-23)  Since that claim is not remotely the same factual or legal theory of ineffectiveness, there is nothing debatable about the finding of a lack of exhaustion.  The application should be denied.

     13.  With regard to the claim of ineffective assistance of counsel regarding calling Ms. McClean, there is nothing debatable about the finding that the rejection of this claim was not contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent.  As the state courts found, Ms. McClean's sworn testimony at her pretrial deposition did not support Petitioner's allegations and the fact that Petitioner's appearance had changed was demonstrated at trial.  The application should be denied.

     14.  With regard to the claim of ineffective assistance for failing to attempt to impeach Mr. Woods, there is nothing debatable about the finding that the rejection of the claim that was actually raised was not contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent.  The record is replete with evidence that Petitioner's appearance had changed and shows that counsel actually asked Mr. Woods if he had

---

prepare on page 18 of his brief.  (Doc 16-18) The State assumes Petitioner made a typographical error.

seen anyone else around the house. The application should be denied.

15. Petitioner next asks this Court to grant him a certificate of appealability regarding claims that counsel was ineffective for failing to move to suppress the identifications by Mr. Woods and cab driver Richard Hare, for failing to impeach Mr. Hare, for failing to retain an independent fingerprint examiner, for failing to impeach Dr. Nelms regarding how long it took the victim to bleed to death and for failing to move to exclude evidence because Dr. Pope took it home. However, Petitioner did not raise any of these claims in his petition, his reply or his motion for alter or amend.[6] (Doc 1, 19, 24) Instead, he is once again raising these claims for the first time in his application. Once again, doing so is inappropriate. *Bowlen*, 395 F.2d at 692-93. The application should be denied.

16. Petitioner next asks this Court to grant a COA on his claims regarding ineffective assistance of counsel at the penalty phase and his allegedly involuntary waiver of mitigation. However, there is nothing debatable about the fact that *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975), directly held that a defendant waives his right to claim ineffective assistance of counsel at a proceeding in which he represented himself. Nor is

---

[6]Moreover, the claims were not raised in the state court either. (Doc 16-App. G, App. R-Vol. 6 at 748-870) Thus, they are all unexhausted. *Kelley*, 377 F.3d at 1344.

there anything debatable about the rejection of a claims regarding the waiver of mitigation in light of *Schriro v. Landrigan*, 550 U.S. 465 (2007), and *Anderson v. Sec'y for the Dept. of Corrections*, 462 F.3d 1319, 1330-31 (11th Cir. 2006). The application should be denied.

17. In an attempt to bolster his claims, Petitioner now asserts that he "thought his only alternative was to represent himself after his guilt phase evidence went unchallenged." (Doc 28-20) Again, Petitioner did not raise this claim in his petition, reply or motion to alter or amend. (Doc 1, 19, 24) In fact, as pointed out in the State's response, Petitioner never even alleged that but for his counsel's failure to inform him of the alleged mitigation, he would have allowed the mitigation to be presented. (Doc 15-102) Once again, it is not proper to raise claims for the first time in a COA application. *Bowlen*, 395 F.2d at 692-93. The application should be denied.

18. Moreover, the record refutes this belated and unsworn assertion. Months before trial ever began, Petitioner executed a sworn document, with the advice of independent counsel, instructing his counsel to withdraw from representing him at the penalty phase so that mitigation would not be presented because Petitioner wanted to be sentenced to death. (Doc 16-App. Q-Vol. 1 at 188-89) The application should be denied.

11

## **CONCLUSION**

WHEREFORE, the State respectfully requests that the Application for Certificate of Appealability be denied.

>Respectfully submitted,
>BILL MCCOLLUM
>Attorney General
>Tallahassee, Florida
>
>/s/Sandra S. Jaggard
>SANDRA S. JAGGARD
>Assistant Attorney General
>Florida Bar No. 0012068
>Office of the Attorney General
>Department of Legal Affairs
>444 Brickell Avenue, Suite 650
>Miami, Florida  33131
>(305) 377-5441
>Fax (305)377-5655

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 18th day of June 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Terri Backhus, Assistant CCRC-South, 101 N.E. 3rd Avenue, Suite 400, Ft. Lauderdale, Florida 33301.

>\s\Sandra S. Jaggard
>SANDRA JAGGARD
>Assistant Attorney General