IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 4:03-010077-001
(DEATH PENALTY CASE)

LLOYD CHASE ALLEN,

    Petitioner,

SECRETARY,
 Florida
 Department of
 Corrections,

    Respondent.
_____

### PETITIONER'S AMENDED MOTION FOR NUNC PRO TUNC APPOINTMENT OF COUNSEL PURSUANT TO THE CRIMINAL JUSTICE ACT

    Pursuant to 18 U.S.C. §§ 3006A and 3599, Petitioner respectfully provides this motion in support of the CJA 30 order signed by the Honorable James J. Cohn on September 25, 2009, *nunc pro tunc* to July 10, 2003, appointing the Office of the Capital Collateral Regional Counsel-South (CCRC-S) as counsel to represent Petitioner Allen in the federal habeas corpus action, CASE NO. 4:03-010077-001. [Dkt. 36].  In support of the motion, Petitioner shows:

    1)    Petitioner is a prisoner presently under a sentence of death in the State of Florida.

2) Petitioner previously sought federal habeas corpus relief in the district court pursuant to a federal habeas petition filed on or about October 14, 2003, by Kenneth M. Malnick, who was at the time an attorney at the Office of the Capital Collateral Regional Counsel – Southern Region. [Dkt. 1].

3) Petitioner is and was indigent and unable to pay the costs incident to a 28 U.S.C. § 2254 action. Apparently no original IFP motion or specific motion for appointment of counsel was filed along with the petition. The petition did include language at page 133 requesting "That Mr. Allen be granted the authority to proceed *in forma pauperis*' and he was thereafter permitted to proceed *in forma pauperis* in federal district court as he had below in his state court postconviction proceedings.

4) CCRC-S is a state agency charged with the statutory responsibility of providing legal representation in both state and federal capital postconviction proceedings to persons convicted and sentenced to death in Florida. Part IV, Chapter 27, Florida Statutes (1994), is the CCRC-S enabling statute.

5) CCRC has been the attorney of record for Petitioner in his state postconviction proceedings. It is the policy of the Eleventh Circuit that where the experience of counsel is apparent and no potential conflict of interest exists, district judges should appoint the same lawyers involved in the state postconviction and habeas proceedings as counsel in the federal

habeas proceedings.

6) The State of Florida, unlike many jurisdictions, has established a statutory right to counsel in capital postconviction proceedings. It has created and has specially funded CCRC to provide counsel to death-sentenced inmates in postconviction collateral actions. CCRC representation extends to both the state and federal system to ensure continuity of counsel.

7) Both the United States Judicial Conference and the Eleventh Circuit have recognized that Criminal Justice Act funds are appropriate for jurisdictions such as Florida which have made a substantial fiscal contribution to providing counsel for death-sentenced inmates.

8) Section 27.702(3)(a) Florida Statutes (2003) states:

> (3)(a) The capital collateral regional counsel shall file motions seeking compensation for representation and reimbursement for expenses pursuant to 18 U.S.C. s. 3006A when providing representation to indigent persons in the federal courts, and shall deposit all such payments received into the Capital Collateral Trust Fund established for such purpose.

9. Based on the foregoing, the Petitioner is today filing a belated motion for appointment of counsel conforming with the date of appointment, July 10, 2003, in Judge Cohn's September 25, 2009 Order. [Dkt. 36].

8.      In anticipation of filing for CJA payment for work done during the pendency of the case in federal district court, undersigned counsel realized upon review of the on-line docket and the files at CCRC that no Order Requesting Appointment *nunc pro tunc* existed. Counsel recognizes that payment can not be made for any work performed prior to the date of appointment.

**WHEREFORE**, Petitioner states and requests:

1)      Petitioner continues to be indigent and was unable to pay the costs attendant to the 28 U.S.C. § 2254 proceedings.

2)      That the Court acknowledge the instant motion in support of the existing order appointing CCRC-South as counsel for Petitioner pursuant to 18 U.S.C. §§ 3006A and 3599 and the date of appointment *nunc pro tunc* to July 10, 2003.

3)      That CCRC-S be awarded attorney compensation based on a belated filing based on the CJA 30 appointment, to be paid to the Capital Collateral Regional Counsel Trust Fund.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of December, 2012, I electronically filed the foregoing PETITIONER'S AMENDED MOTION FOR NUNC PRO TUNC APPOINTMENT with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Sandra Sue Jaggard, Assistant Attorney General, Office of the Attorney General-Capital Division, Rivergate Plaza, Suite 950, 444 Brickell Ave., Miami, FL 33131, Sandra.Jaggard@myfloridalegal.com.

>/s/  William M. Hennis III
>WILLIAM M. HENNIS III
>Litigation Director
>Florida Bar No. 0066850
>
>OFFICE OF THE CAPITAL
>COLLATERAL REGIONAL COUNSEL
>1 East Broward Blvd., Suite 444
>Fort Lauderdale, FL 33301
>(954) 713-1284
>hennisw@ccsr.state.fl.us
>Counsel for Petitioner